THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CASE NO. __-CV-_____

FREDRIK BRODEN,

    Plaintiff,

v.

PRIVATE BUSINESS JETS, LLC d/b/a
FLYPRIVATE,

    Defendant.

## COMPLAINT

Plaintiff Fredrik Broden ("Plaintiff") sues Private Business Jets, LLC d/b/a FlyPrivate ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of Texas residing in the State of Texas.

2. Defendant is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 25 Rockwood Road, Marshfield, MA 02050. Defendant's agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St, Wilmington, DE 19801.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained

sufficient minimum contacts with Delaware such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction." Skidmore v. Led Zeppelin, 106 F.Supp.3d 581, 584 (E.D. Pa 2015). In other words, "[b]ecause Defendant is subject to personal jurisdiction in Delaware… venue is also proper for Defendant in this Court." RMG Media, LLC v. iBoats, Inc., Civil Action No. 20-cv-290-RGA, 2021 U.S. Dist. LEXIS 62224, at *10 (D. Del. Mar. 31, 2021).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is an award-winning Swedish photographer who studied at Kulturama, the prestigious school of Photography, where he first refined his photographic skills.

7. Plaintiff's 20 years of experience is coupled with his minimalistic sensibility that has defined his artistry, from fashion to lifestyle, conceptual to portraits, motion, directing, editorial, and advertising.

8. Plaintiff has a distinct ability to work in various directions of photography (as a collaborator and content creator), and his finished works are a diverse collection of captivating imagery that voices the creative instinct in everyone.

9. Plaintiff's photographic gift has afforded him the opportunity to work with bicoastal clients including but not limited to: Adobe, *Wired Magazine*, *Conde Nast*, *Garden and Gun*, *Rolling Stone*, Reebok, Bloomberg, Neiman Marcus, Virgin, *GQ*, Pirelli, and *Esquire*.

## II.     The Work at Issue in this Lawsuit

10.     In 2017, Plaintiff created a professional photograph of a family boarding a private jet titled "20170315_people_nustar_fb_0001.jpg" (the "Work"). A copy of the work is exhibited below:



11.     The Work was registered by Plaintiff with the Register of Copyrights on July 30, 2021 and was assigned Registration No. VA 2-263-717. A true and correct copy of the registration certificate from the US Copyright Office pertaining to the Work is attached hereto as **Exhibit "A."**

12.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III.     Defendant's Unlawful Activities

13.     Defendant is a private jet travel solutions company that offers a variety of different jets for travel, catering, personnel, and different membership options to travel under.

14. Defendant advertises/markets its business primarily through its website (https://flyprivate.com/), social media (e.g., https://www.facebook.com/FlyPrivate/ and https://www.instagram.com/fly_private/), and other forms of advertising.

15. On a date before Plaintiff's above-referenced copyright registration of the Work, Defendant published the Work on its website, Twitter page, and Instagram page (at https://flyprivate.com/tag/super-midsize-jets/, https://flyprivate.com/get-out-of-town-extend-your-march-vacation-2-days/, https://twitter.com/FlyPrivate/status/1196798789400637440?cxt=HHwWgMC93Y6K8ZshAAAA, and https://www.instagram.com/p/B8_jaCDh0sF/):







16. A true and correct copy of the screenshot of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

18. Defendant utilized the Work for commercial use – namely, the marketing of its business.

19. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in May 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such

unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of his Work.

21. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 as set forth above.

23. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

24. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

25. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

26. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

27. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

28. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)),

Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30.     Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to recover his costs as a result of Defendant's conduct.

31.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff his costs;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated:   January 15, 2024.

        O'Kelly & O'Rourke, LLC
824 N. Market Street
Suite 1001A
Wilmington, DE  19801
Phone: (302) 778-4000
Direct: (302) 778-4001
Facsimile: (302) 295-2873
Email: sokelly@okorlaw.com


By: */s/ Sean T. O'Kelly*
    Sean T. O'Kelly, Esq.
    Gerard M. O'Rourke, Esq.