## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### Case No. 1:24-cv-00052-RGA

FREDRIK BRODEN,

      Plaintiff,

v.

PRIVATE BUSINESS JETS, LLC,
d/b/a FlyPrivate,

      Defendant.

---

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TRANSFER VENUE UNDER § 1404 OR TO STAY

Dated: March 7, 2024

      */s/ Lisa L. Dailey*
      Lisa L. Dailey, Esq.
      DE Bar No. 6776
      Ldailey@Daileyllp.com
      **Dailey LLP**
      1201 N Orange St., Suite 7300
      Wilmington, DE 19801
      302-415-3562
      *Attorney for Defendant*

## TABLE OF CONTENTS

Page

**TABLE OF CONTENTS** ...................................................................................................... ii

**TABLE OF CITATIONS** ................................................................................................... iii

I.     **NATURE AND STAGE OF PROCEEDINGS** .......................................... 1

II.    **SUMMARY OF ARGUMENT** ................................................................. 1

III.   **STATEMENT OF FACTS** ........................................................................ 1

IV.   **ARGUMENT** .............................................................................................. 3

     A.    **Broden's complaint demonstrates there is no reason to keep this lawsuit in the District of Delaware, and it should be transferred to the District of Massachusetts** ....................................................................... 3

          1.   *There is good reason not to give Broden, as a copyright troll, any weight in choosing this venue* ................................................................... 4

          2.   *This action could have been brought in the District of Massachusetts* ........... 5

          3.   *The District of Delaware is an inconvenient forum for Fly Private while Massachusetts is not inconvenient for Broden; the private interests favor transfer* ..................................................................... 5

          4.   *Public interests also favor transfer* .............................................................. 7

          5.   *It would not be a clear abuse of discretion to transfer this lawsuit to the District of Massachusetts.* .................................................................. 8

     B.    **Broden's complaint affirmatively alleges that the infringement claim is time-barred, justifying a dismissal with prejudice** ......................................... 8

          1.   *The Third Circuit's current discovery rule is atextual and contrary to multiple Supreme Court decisions interpreting statutes of limitations* ............ 8

          2.   *The Supreme Court is set to clarify that the Copyright Act's statute of limitations is three years from the date of the alleged infringement* .............. 11

V.     **CONCLUSION** ....................................................................................... 13

# TABLE OF CITATIONS

Page

**Cases**

*Affordable Aerial Photography, Inc. v. Doe*, no. 9:22-cv-80030 (S.D. Fla. Nov. 9, 2023)............ 2

*Affordable Aerial Photography, Inc. v. Property Matters*, No. 22-cv-14296 (S.D. Fla. Jul. 5, 2023) ....................................................................................................................... 12

*Affordable Aerial Photography, Inc. v. Sync RFID Inc.*, no. 2:23-cv-14379 (S.D. Fla. Feb. 29, 2024) ...................................................................................................................... 3

*Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)................................................. 11

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W Dist. of Tex.*, 571 U.S. 49 (2013) .................. 5

*Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478 (1980)...................... 11

*Chase Sec. Corp. v. Donaldson*, 325 U.S. 304 (1945)................................................. 12

*Everly v. Everly*, 958 F.3d 442 (6th Cir. 2020)......................................................... 12

*Express Mobile, Inc. v. Web.com Group, Inc.*, 2020 WL 3971776 (D. Del. July 14, 2020) .......... 5

*Gabelli v. SEC*, 568 U.S. 442 (2013)............................................................. 10, 13

*Harrington v. Island Villa Rental Props. Inc*, no. 4:23-cv-10080-JEM (S.D. Fla. Feb. 19, 2024) ................................................................................................................. 2

*Hearst Newspapers L.L.C. v. Martinelli*, no. 23-474............................................... 1, 14

*In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009)....................................................... 7

*In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011) ............................. 5

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) ....................................... 4

*Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.*, 77 F.4th 630 (7th Cir. 2023) ................. 6

*Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325 (11th Cir. 2023) ...................... 13

*Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342 (1944) ................... 12

*Pennwalt Corp. v. Purex Industries, Inc.*, 659 F.Supp. 287 (D. Del. 1986) ................... 5

*Rotkiske v. Klemm*, 140 S.Ct. 355 (2019) ........................................................ 11

iii

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S.Ct. 954 (2017) ........ 11

*Science Photo Library Ltd. v. Bell Performance, Inc.*, no. 6:23-CV-2302 (S.D. Fla. Mar. 4, 2024) ............................................................................................................................. 3

*Toussie v. United States*, 397 U.S. 112 (1970) .......................................................... 11

*TRW Inc. v. Andrews*, 534 U.S. 19 (2001) ......................................................... 10, 11

*Warner Chappell Music Inc. v. Nealy*, no. 22-1078 ............................................... 1, 14

*Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222 (3d Cir. 1986) ....................... 13

*William A. Graham Co. v. Haughey*, 568 F.3d 425 (3d Cir. 2009) ............................. 10

**Statutes**

17 U.S.C. § 507(b) ............................................................................................. 9, 10, 13

28 U.S.C. § 1404(a) ..................................................................................................... 4

## I.     NATURE AND STAGE OF PROCEEDINGS

This is a copyright trolling case arising from a single photograph on a blog post and social media five years ago. Plaintiff Fredrik Broden ("Broden") filed his complaint on January 15, 2024. D.I. 1. Defendant Private Business Jets, LLC ("Fly Private") was served three days later. D.I. 6. Fly Private initially filed a *pro se* motion to dismiss, D.I. 7, which the Court struck as improper without it being represented by counsel, D.I. 8. The Court required Fly Private to secure counsel and reset the deadline for its response to the complaint to March 7, 2024. No discovery has taken place.

Fly Private now moves to (1) transfer the action to the District of Massachusetts or (2) alternatively stay the case pending a forthcoming Supreme Court decision in *Warner Chappell* concerning the Copyright Act statute of limitations.

## II.     SUMMARY OF ARGUMENT

This action should be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). If not transferred, then it should be stayed pending the Supreme Court's decision in *Warner Chappell Music Inc. v. Nealy*, no. 22-1078, or *Hearst Newspapers L.L.C. v. Martinelli*, no. 23-474—one or both of which may change the law concerning claim accrual under the Copyright Act's statute of limitations. Broden's complaint itself shows his claim to be time-barred pursuant to the injury rule, and a dismissal with prejudice would then be proper as a matter of law.

## III.     STATEMENT OF FACTS

This case arises out of a single photograph in which Broden alleges he owns a copyright. *See* D.I. 1, Compl. at ¶¶ 10-12. Broden resides in Texas. D.I. 1 at ¶ 1. Fly Private, however, has its principal place of business in Marshfield, Massachusetts. D.I. at ¶ 2. No conduct allegedly occurred

within Delaware, no witnesses are located in Delaware, and no harm allegedly befell Broden here. The sole connection between the parties and this district is that the State of Delaware happens to be the law under which Fly Private is organized. D.I. 1 at ¶ 2.

Broden further alleges that the infringement occurred in 2019 and 2020. D.I. at ¶ 15 (captures showing time and dates of 9:34 AM November 19, 2019, and February 25, 2020). The exhibit attached to the complaint also shows the timing of the alleged conduct. D.I. 1-2 (same).

This suit is just one of more than 150 lawsuits initiated by CopyCat Legal in the past 12 months,[1] making CopyCat Legal the attorneys in 1.07% of all federal intellectual property suits,[2] and certainly a significantly larger percentage of all copyright infringement suits. Its approach to litigating plaintiff's suits recently precipitated a stern warning from one judge in the Southern District of Florida. *See Affordable Aerial Photography, Inc. v. Doe*, no. 9:22-cv-80030 (S.D. Fla. Nov. 9, 2023) (making clear that CopyCat Legal's decision to "exclude the factual context pertaining to [a non-party] may not have risen to the level of fraud on the court, it was conduct unbecoming of a forthright litigant in federal court and the omission borders on deceitful").

Before filing in the District of Delaware, Broden threatened to bring this action in the District of Massachusetts after demanding $30,000. *See* Decl. of Griffin C. Klema, Esq., ¶ 4 and Ex. A thereto. Broden then refused to engage in further settlement negotiations and filed suit without even the professional courtesy of alerting Fly Private's counsel to the existence of the suit

---

[1] CopyCat Legal in fact represents Broden, though both he and CopyCat have secured local counsel to pursue this action against Fly Private. Decl. of Klema, ¶ 3; *see also Harrington v. Island Villa Rental Props. Inc*, no. 4:23-cv-10080-JEM (S.D. Fla. Feb. 19, 2024) *Reply*, D.I. 27 at 4, (CopyCat Legal noting it was "counsel of record in approximately 150 lawsuits filed in 2023" which are believed to be exclusively plaintiff copyright cases involving photographs online).

[2] Per the December 31, 2023, federal judiciary statistical report, Table C-3, indicating that 13,959 intellectual property cases were filed in calendar year 2023. https://www.uscourts.gov/file/78269/download

or inquiring about accepting service—electing instead to silently serve Fly Private directly. *Id*.

Separately, two district courts have stayed other of CopyCat Legal's trolling cases pending a decision from the Supreme Court in *Warner Chappell Music, Inc. v. Nealy* on the Copyright Act Statute of limitations. *See Affordable Aerial Photography, Inc. v. Sync RFID Inc.*, no. 2:23-cv-14379 (S.D. Fla. Feb. 29, 2024) (staying and deferring ruling on defendant's motion for judgment on the pleadings); *Science Photo Library Ltd. v. Bell Performance, Inc.*, no. 6:23-CV-2302 (S.D. Fla. Mar. 4, 2024) (same).

Broden further concedes that his damages (assuming he has a timely claim) are actual damages only. *See* D.I. 1 at ¶ 15 (affirmatively alleging facts under 17 U.S.C. § 412 that preclude statutory damages and preclude Broden from seeking attorney's fees). Therefore, the damages at issue in this case, as determined by objective market value of similar stock photography, is $10. *See, e.g.*, https://www.istockphoto.com/photo/people-in-the-airplane-gm923634094-253522395.

## IV.    ARGUMENT

### A. Broden's complaint demonstrates there is no reason to keep this lawsuit in the District of Delaware, and it should be transferred to the District of Massachusetts

Section 1404(a) grants district courts the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interests of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). While the statute identifies three factors on its face, (i) convenience of the parties, (ii) convenience of witnesses, and (iii) interest of justice, *id.*, courts have nevertheless engrafted additional factors. Up to twelve factors have been identified to guide a court's analysis as concerns the public and private interests:

Private interests: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the

witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

Public interests: (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 880.

As the movant, Fly Private bears the burden of showing transfer is appropriate. *Id.* at 879. But regardless of factor, the test remains a balancing one, and "the overarching consideration under§ 1404(a) is whether a transfer would promote the interest of justice." *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W Dist. of Tex.*, 571 U.S. 49, 61, 63 (2013) (applying 1404(a) in the context of a contractual forum selection clause).

1. *There is good reason not to give Broden's interest, as a copyright troll, any weight in choosing this venue*

First, Broden's choice to bring suit here should be accorded little weight, and certainly not a dispositive one given that he does not reside in Delaware. *Pennwalt Corp. v. Purex Industries, Inc.*, 659 F.Supp. 287, 289 (D. Del. 1986) (where plaintiff's choice of forum is not their "home turf" then it is not a compelling interest); *see also In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (similar). As this court has recognized, the plaintiff's choice of venue, while still important, cannot "dominate the balancing analysis to the same extent as it otherwise might." *Express Mobile, Inc. v. Web.com Group, Inc.*, 2020 WL 3971776 at *2 (D. Del. July 14, 2020).

Here, Broden was clearly aware of two fora where venue properly lied, D.I. 1 at ¶ 2, yet he specifically chose Delaware in furtherance of his copyright trolling goals—namely to increase the cost of defending this $10 lawsuit and thereby extract an unjust settlement from Fly Private. He even threatened to bring this action in the District of Massachusetts, but apparently decided Delaware would make for better settlement pressure in view of the significant distance and resulting expense that would cause to Fly Private, to say nothing of the cost to engage additional Delaware counsel.

Because pursuit of justice did not animate Broden's choice of forum but rather improper an "unlawful business strategy," *Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.*, 77 F.4th 630, 634 (7th Cir. 2023) (discussing the evils of copyright trolling), little weight should be afforded to interest (1), if any. Regardless, the other factors weigh strongly in favor of transfer.

### 2. *This action could have been brought in the District of Massachusetts*

Fly Private is amenable to service in the District of Massachusetts because that is its principle place of business, which Broden affirmatively recognizes. D.I. 1 at ¶¶ 2 and 5. Because it is undisputed that Defendant's principal place of business is located in the District of Massachusetts, Broden could have brought this action there and even planned to do so originally. Broden's complaint shows that he too believes the allegedly infringing conduct necessarily also occurred in Massachusetts. D.I. 1 at ¶¶ 15 and 18. Therefore, the defendant's choice of venue, interest (2), weighs in favor of transfer.

### 3. *The District of Delaware is an inconvenient forum for Fly Private while Massachusetts is not inconvenient for Broden; the private interests favor transfer*

The balance of the parties' convenience (private interests) strongly favors a different forum. Broden has no contacts with Delaware, pleading that he is both a citizen of and resides in

Texas. D.I. 1 at ¶ 1. Yet he also asserts that he is "bicoastal" and has done business with at least two clients also located in Massachusetts while a number of others are in New York. D.I. 1 at ¶ 9 (Adobe, which has an office in Massachusetts[3], and Reebok, which is headquartered in Boston[4]). The marginal difference between travel time and expense of flights from Texas to Wilmington, DE versus Boston, MA are marginal at best, and is likely faster and less costly at worst. Consequently, Massachusetts is not inconvenient for Broden given his admitted gravitation to many companies located on the eastern seaboard and may even be more convenient for him to travel to than Delaware.

For its part, Fly Private's only connection with Delaware is that, like many companies, it chose Delaware law to govern its organization and therefore incorporated here. D.I. 1 at ¶ 2. All of its personnel are located in Massachusetts, and any witnesses are likewise located there with the exception of Broden himself. This is not a case that will require many, if any, third-party witnesses. As in patent litigation, the bulk of the relevant evidence in copyright infringement "usually comes from the accused infringer," *see In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009), which is also why copyright trolling cases are so pernicious. Similarly, documents and information are also all located in Massachusetts, again with the exception of Broden's records which are likely in his possession in Texas. Massachusetts is its home turf. Traveling to Delaware would also require flights and delays at airports compared to geographically closer courtroom in Boston which could likely be a simpler vehicular commute for Fly Private from its Marshfield, MA location (approximately a 30-minute drive).

---

[3] https://www.adobe.com/about-adobe/contact/offices.html
[4] https://www.bostonmagazine.com/health/2018/03/23/reebok-seaport-headquarters/

Therefore, interests (3), (5), and (6) all weigh in favor of transfer, while interest (4) is arguably neutral.

### 4.  Public interests also favor transfer

Similar to the reasons articulated for interest (2), (3), (5), and (6), interest (8) regarding practical considerations would make trial far easier, expeditious, and inexpensive in Massachusetts compared to Delaware. Witnesses would need not travel as far (both lodging and accommodation), and any documents or digital media (computers, etc.) can more easily be produced or inspected.

Regarding interest (9), there does appear to be more docket congestion in the District of Delaware compared to the District of Massachusetts: Here there are five district judges handling 2,034 cases, averaging 406.8 cases per judge.[5] By comparison, in the District of Massachusetts with its thirteen district judges handling 3,994 cases, that equates to 307.2 cases per judge without even accounting for seven judges with senior status and also having four more magistrate judges.[6] A 33% higher caseload for judges in this district is an "appreciable" difference in docket congestion. *Jumara*, 55 F.3d at 883. Therefore, this interest favors transfer.

Interest (10) weighs in favor of having this case decided proximate to where Fly Private allegedly committed the infringement.

Given that this case involves solely issues of federal law pursuant to the Copyright Act, there is no "disparity in the qualifications of the federal judges" *Jumara*, 55 F.3d at 883, who can hear and rule upon the merits of Broden's claim or Fly Private's defenses in equal capacity. While Delaware public policy "encourages the use by Delaware corporations of Delaware as a forum for the resolution of business disputes," *Wacoh Co. v. Kionix Inc.*, 845 F. Supp. 2d 597, 604 (D. Del.

---

[5] Per the December 31, 2023, federal judiciary statistical report, Table C, showing the total number of pending cases as of that date. https://www.uscourts.gov/file/78266/download
[6] *See* n.3, *supra*.

2012), this is not a business dispute but rather a claim sounding in strict liability tort, *see Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 130 (2d Cir. 2008). Thus interest (11) is neutral. Interest (12) is inapplicable.

   5.  *It would not be a clear abuse of discretion to transfer this lawsuit to the District of Massachusetts.*

Interests (1) to (3) and (5) to (10) to varying degrees, support Fly Private's request to transfer the case. Plaintiff's interest should not be heavily weighted in the analysis. The other interests are arguably neutral. Fly Private has met its burden and, on balance, the better exercise of discretion afforded by § 1404(a) is to transfer this case to the District of Massachusetts. Doing so will promote justice.

### B.  Broden's complaint affirmatively alleges that the infringement claim is time-barred, justifying a dismissal with prejudice

   1.  *The Third Circuit's current discovery rule is atextual and contrary to multiple Supreme Court decisions interpreting statutes of limitations*

While Fly Private acknowledges that the Third Circuit has unearthed a "discovery rule" from the text of 17 U.S.C. § 507(b), multiple and increasingly recent Supreme Court decisions counsel otherwise. That court is also poised this term to address the inappropriateness of the discovery rule in the copyright context, just as that court has continued to do in other statutes.

Under that atextual rule a copyright claim "accrues when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3d Cir. 2009). That rule, however, has no foundation within the text of Section 507, which simply provides that "[n]o civil action shall be maintained ... unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Act's plain language speaks only in terms of when a claim "accrued." On its face, the text does not

include any language suggesting knowledge—entirely lacking words like "learned," "knew," "discovered," "understood," or "was told." *Id*.

The Supreme Court has routinely and with increasing frequency held that the meaning of the word "accrue" almost invariably concerns when an injury occurs, not upon the plaintiff learning of their claim. It has never applied an unwritten discovery rule for statutes of limitations outside the contexts of "fraud or concealment" or "latent disease and medical malpractice, where the cry for such a rule is loudest." *TRW Inc. v. Andrews*, 534 U.S. 19, 27 (2001) (citations, alteration, and quotation marks omitted).

The standard rule for interpreting statutes of limitations is to begin with its text. The Supreme Court has, in almost prefect unanimity across all judicial ideology, consistently held that the "'standard rule' is that a claim accrues 'when the plaintiff has a complete and present cause of action.'" *Gabelli v. SEC*, 568 U.S. 442, 448 (2013) (unanimous). The Supreme Court has held that it "is not ordinarily true" that a statute of limitations begins to run "when 'a plaintiff knows of a cause of action.'" *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S.Ct. 954, 962 (2017) (Alito, J.) (8-1 decision). Consistent with its textual analysis, the Supreme Court has tended to reverse courts' "[a]textual judicial supplementation" when they add a discovery rule onto a statute of limitations where none is provided. *Rotkiske v. Klemm*, 140 S.Ct. 355, 360 (2019) (Thomas, J.) (8-1 decision). As Justice Scalia explained, "[t]he injury-discovery rule ... is bad wine of recent vintage. Other than [the Court's] recognition of the historical exception for suits based on fraud ... [the Court] ha[s] deviated from the traditional rule and imputed an injury-discovery rule to Congress on only one occasion." *TRW*, 534 U.S. at 37 (an "expansive approach to the discovery rule is a 'bad wine of recent vintage'") (Scalia, J., concurring in judgment) (unanimous decision).

This is because "[s]tatutes of limitations are not simply technicalities[, rather], they have long been respected as fundamental to a well-ordered judicial system." *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980). Indeed, the entire "purpose of the statute of limitations is to limit exposure [of an alleged wrongdoer] to a certain fixed period of time **following the occurrence of those acts**." *Toussie v. United States*, 397 U.S. 112, 114 (1970) (emphasis supplied); *see also Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("the right to be free of stale claims") (quoting *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342 (1944)); *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304 (1945) (statutes of limitation are "devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense" and "represent a public policy about the privilege to litigate").

Despite the incorrect discovery rule, the Sixth Circuit has recognized that law is not long for this earth. In *Everly v. Everly*, 958 F.3d 442, 459-68 (6th Cir. 2020), Judge Murphy's concurrence analyzed how the discovery rule found its way into the Copyright Act, noting that the various circuit court decisions "merely cite other decisions; they pay little attention to the statutory text or the Supreme Court's precedent." *Id*. at 461. After extensive analysis, he closed with the following prediction and lament:

> I predict that the Supreme Court may one day hold that the plain text of the Copyright Act's statute of limitations contains an occurrence rule, not a discovery rule.
>
> .…
>
> I fear the courts may have gotten into [] a "groove" in this copyright context.

*Id*. at 468; *see also Affordable Aerial Photography, Inc. v. Property Matters*, No. 22-cv-14296 at *3 (S.D. Fla. Jul. 5, 2023) (Cannon, J.) (acknowledging that the discovery rule is merely a "trend").

Again, and returning to the text itself, the Copyright Act merely speaks in terms of a claim's accrual. 17 U.S.C. § 507(b). And because a claim, as a general rule, accrues when there is a complete and present cause of action, *Gabelli*, 568 U.S. at 448, a claim for copyright infringement accrues when its factual elements exist, which is only (1) that the plaintiff owns a valid copyright and (2) that the defendant violated an exclusive right under § 106. *See Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1231 (3d Cir. 1986). Assuming the first element, the second existed when Broden alleges the photo was placed on Fly Private's website and social media. That was 2019. D.I. 1 at ¶ 15. Broden's claim accrued at that moment, and the statute began to run. By December 31, 2022 (and not later than February 26, 2023), that time ran out. Broden's claim is precisely the kind of stale one that neither Fly Private nor this Court should be burdened with.

2. *The Supreme Court is set to clarify that the Copyright Act's statute of limitations is three years from the date of the alleged infringement*

Because several circuits have engrafted a discovery rule onto the Copyright Act, the Supreme Court has granted a petition for writ of certiorari to review the decision in *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325 (11th Cir. 2023), where the high court will address "[w]hether, under the discovery accrual rule applied by the circuit courts and the Copyright Act's statute of limitations for civil actions, 17 U.S.C. §507(b), a copyright plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit." *Warner Chappell Music, Inc. v. Nealy*, no. 22-1078 (Sept. 29, 2023). In addition to the parties' briefing, a dozen amici have filed briefs. Oral argument took place on February 21, 2024.

Apart from *Warner Chappell*, a separate, more direct petition before the Supreme Court confronts the Copyright Act's statute of limitations. In *Hearst Newspapers, L.L.C. v. Martinelli*, no. 23-474, the Supreme Court, on its own initiative, requested a response from Martinelli, thus

showing the court's keen awareness of the importance of this issue and the possibly direct injury-vs-discovery rule it can take up in that separate petition.

During oral argument in the *Warner Chappell* case, Justice Alito all but suggested that a district court should approach a copyright case involving a limitations issue cautiously while the Supreme Court resolves the vitally important issue of infringement claim accrual. He said if the "district court [were] aware that we recently granted review in a case that does present the issue of whether there is a discovery rule for the Copyright Act statute of limitations, [then] if I were the district court judge in those circumstances, I might choose not to plow ahead with further proceedings in this case until that issue was resolved." *Tr. Of oral argument*, Feb. 21, 2024, at 17:13-17:21.[7]

Further argument before the court also discussed the *Hearst Newspapers v. Martinelli* petition for certiorari. *Id.* That case hews more closely to the discovery-vs-injury accrual issue, which Justice Gorsuch acknowledged in his colloquy with petitioner's counsel, indicating that "nobody's going to say [the discovery-vs-injury rule is] off the table … it may not be on this table. It may be on another table. But it's on the table, okay?" and then stating that he's "well aware" of the *Martinelli* petition. *Id*. at 27:18-28:7. He also alluded to the court's likely position on the statute of limitations: We "have a **lot of cases in this Court casting doubt on the existence of a discovery rule**. We've called it wine from a bad vintage or something like that, and we've done it several times, including, two years ago." *Id.* at 37:22-38:2 (cleaned up).

Given *Gabelli* and numerous other recent limitations decisions—together with the dicta of *Petrella* and statements from the bench in *Warner Chappell*—there is a very high likelihood that

---

[7]   Available at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/22-1078_4g25.pdf

the Supreme Court is poised to overrule *William A. Graham Co. v. Haughey* and other atextual decisions. Though Fly Private recognizes this Court is currently precedent-bound to follow *William A. Graham*, the law is likely to be soon changed and, if so, a judgment for Fly Private would then be proper. If this case is not transferred, then it should be stayed pending the Supreme Court's decisions in both *Warner Chappell* and *Hearst Newspapers*.

## V.    CONCLUSION

For the foregoing reasons, defendant Private Business Jets, LLC respectfully requests the Court grant its motion, enter the attached order, and transfer the action to the District of Massachusetts or alternatively stay this proceeding pending the Supreme Court's decisions in *Warner Chappell* and *Hearst Newspapers*.

Respectfully submitted,

Dated: March 7, 2024

*/s/ Lisa L. Dailey*
Lisa L. Dailey, Esq.
DE Bar No. 6776
Ldailey@Daileyllp.com
**Dailey LLP**
1201 N Orange St., Suite 7300
Wilmington, DE 19801
302-415-3562
*Attorney for Defendant*

13